**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-10369

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BRENDAN GATES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:21-cr-00019-CAR-CHW-8

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Brendan Gates appeals his convictions, following a jury trial, for conspiracy to possess over 50 grams of methamphetamine and 500 grams or more of a methamphetamine mixture with intent to distribute, possession of 50 grams or more of methamphetamine

with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. Following review of the record and the parties' briefs, we affirm.

Ashley Bailey, a government witness, testified on direct examination at trial that, after she had engaged in narcotics transactions with Mr. Gates, she spoke to his girlfriend, Kaitlyn Lackey. Ms. Bailey then stated, without government prompting, that Ms. Lackey said that Mr. Gates had hit her. *See* D.E. 347 at 109. Mr. Gates objected, and the district court said, "Let's not go into that." *Id.* There was no further testimony about the incident.

Mr. Gates moved for a mistrial, but the district court denied the motion and gave the jury the following curative instruction: "Ladies and gentlemen, let me just tell you that it came out in the testimony something about some domestic violence, and I immediately said that that was not appropriate. And so y'all just need to completely disregard that. Just forget about it. It should have no bearing whatsoever on anything related to this case." *Id.* at 115.

On appeal, Mr. Gates contends that the testimony by Ms. Bailey about him hitting Ms. Lackey warrants a new trial because no curative instruction could have cured the prejudice that resulted. We review the denial of a motion for a mistrial for abuse of discretion. *See, e.g., United States v. Ramirez*, 426 F.3d 1344, 1353 (11th Cir. 2005).

For a number of reasons, we conclude that the district court did not err in denying the motion for a mistrial. First, the statement

24-10369                Opinion of the Court                3

by Ms. Bailey was isolated and not elicited by the government. Second, the district court gave the jury a curative instruction, and as a general matter "[w]e presume that the jury followed [a] . . . curative instruction[.]" *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009). This is therefore not a case like *United States v. Hands*, 184 F.3d 1322, 1332 (11th Cir. 1999), where the prosecutor asked the defendant during his testimony whether he had beaten his wife, introduced into evidence photographs depicting the alleged beating, and the district court did not give a limiting or curative instruction.

In addition, the testimony by Ms. Bailey was not prejudicial given the substantial evidence of Mr. Gates' guilt presented by the government. This evidence included the eyewitness testimony of various witness (like Ms. Bailey and Ms. Lackey) about Mr. Gates' narcotics activity and firearm possession; the evidence found in the bedroom of the home Mr. Gates shared with Ms. Bailey (e.g., methamphetamine, a pistol, drug paraphernalia, cellphones, a watch, and Mr. Gates' driver's license); a photograph in one of the cell phones of a man's hands holding a significant quantity of methamphetamine with a watch on one wrist matching the one found in the search and tattoos on one wrist matching those of Mr. Gates; and photographs showing Mr. Gates weighing and bagging methamphetamine for a customer. "We need not reverse [a] conviction if the [evidentiary] error 'had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict.'" *Hands*, 184 F.3d at 1329 (citation omitted).

**AFFIRMED.**